IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUTH CHARLES, | No. 4:21-CV-00883 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| COUNTY OF LYCOMING, PENNSYLVANIA, RYAN GARDNER, *individually*, and LISA DIMASSIMO, *individually*, | |
| Defendants. | |

## MEMORANDUM OPINION

### FEBRUARY 12, 2026

On the final day of 2025, this Court granted Defendants', Ryan Gardner ("Judge Gardner"), Lisa DiMassimo ("DiMassimo"), and the County of Lycoming, Motion for Summary Judgment in a memorandum opinion and order.[1] Two weeks later, Plaintiff, filed a motion for reconsideration of that opinion and order.[2] That motion has been fully briefed and is ripe for disposition.[3] For the following reasons that motion is denied.

---

1 *See* Docs. 40, 41.
2 Doc. 43.
3 *See* Docs. 44, 45.

## I. RECONSIDERATION STANDARD

While Plaintiff's motion alleges that she is seeking reconsideration based on Federal Rules of Civil Procedure 59 and 60,[4] her brief in support of that motion only argues that this relief is warranted based on Rule 59.[5] Therefore, the Court will analyze the motion solely under Rule 59.[6]

The purpose of a motion for reconsideration under Rule 59 "is to correct manifest errors of law or fact or to present newly discovered evidence."[7] Such a motion may only be granted if "the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[8] The Court should only utilize that final justification if

---

[4] *See* Doc. 43.
[5] *See generally* Doc. 44.
[6] This is supported by the fact that a motion under Rule 60(b) would clearly be unavailing to Plaintiff, as none of the six reasons justifying relief from judgment appear in this case. *See* FED. R. CIV. P. 60 (b).
[7] *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).
[8] *Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (quoting *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). There is a line of case law that would seem to support the proposition that Plaintiff has brought this motion under the wrong rule, and should have brought it under Rule 54(b). *See, e.g.*, *Heckman v. N. Penn Comprehensive Health Servs.*, No. 4:20-CV-01680, 2024 WL 4608584, at *1 (M.D. Pa. Oct. 29, 2024). However, an analysis under this rule is appropriate "for reconsideration of interlocutory orders—whether denials of summary judgment, grants of partial summary judgment, or any other non-final order." *Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016). Here, the underlying order is a grant of full summary judgment and the entering of *final* judgment in Defendants favor. *See* Doc 41. As a result, the less stringent requirements of Rule 54(b) analysis do not guide the Court's analysis, and one of the three justifications listed are required.

the "[C]ourt is left with the definite and firm conviction that a mistake has been committed."[9]

As a result of the limited circumstances that justify reconsideration and "[b]ecause federal courts have a strong interest in the finality of judgments," it should come as no surprise that courts in this circuit have found that "motions for reconsideration should be granted sparingly."[10] Finally, it is important to note that reconsideration motions are "not to be used as a means to reargue matters already argued and disposed of or as an attempt to re-litigate a point of disagreement between the Court and the litigant."[11]

## II. ANALYSIS

Plaintiff's motion admits that there has been no change in the controlling law since the summary judgment motion was decided.[12] Nor does she argue that new evidence is available.[13] Rather she alleges that the motion is intended "to correct clear errors of law or fact and prevent manifest injustice"[14] —the third justification allowing for the grant of a motion for reconsideration.[15] She says that this argument

---

[9] *Drumgo v. Reese*, No. 3:20-CV-02434, 2022 WL 21758567, at *1 (M.D. Pa. Sept. 23, 2022) (quoting *Prusky v. ReliaStar Life Ins. Co.*, 532 F.3d 252, 258 (3d Cir. 2008)).
[10] *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).
[11] *Knopick v. Downey*, 963 F.Supp.2d 378, 3878 (M.D. Pa. 2013).
[12] *See* Doc. 44, at 4. In fact, in each section of its brief in support of her motion, Plaintiff asserts that the Court utilized undertook the correct analysis, using the correct caselaw. *See* Doc. 44, at 6, 8, 10.
[13] *See* Doc. 44, at 4.
[14] *Id.*
[15] *See Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010).

3

is availing because "the Court accepted Defendants' allegations as fact and did not consider, or failed to appreciate, the significance of probative, competent evidence presented by Plaintiff in her opposition papers."[16]

Plaintiff points to two pieces of evidence that she believes the Court did not consider, and which ultimately led to it making a clear error of law. First, she implies that the Court ignored their allegations that DiMassimo and Plaintiff's co-worker used the offensive racial epithet on multiple occasions, not just one.[17] While Plaintiff emphatically argues that the Court's assertion that this case arose out of "one isolated incident" is factually incorrect,[18] the Court made that statement based on the Plaintiff's own agreement in her deposition with the statement "that the incident that gives rise to this lawsuit is a singular incident."[19] As Defendants point out, Plaintiffs provide no evidence that DiMassimo, or any other party or member of the office, ever used the offensive word after the original time the co-worker used it.[20] Further, all citations surrounding the allegations that the epithet was used on other occasions point to bare assertions in her statement of facts that are unrelated to the use of the word or unclear citations to documents that the Court cannot find.[21] After a thorough

---

[16] Doc. 44, at 4.
[17] *See id.* at 6-7.
[18] *See* Doc. 40, at 9; Doc. 44, at 5-6. Additionally, the Court can find no evidence, and Plaintiff has certainly pointed the Court to no such evidence, of the April 20th meeting where the usage of the offensive statement was allegedly made again.
[19] Doc. 37, Ex. A (Charles Dep.) 31:14-18.
[20] *See generally* Doc. 37, 15 18-19; Doc. 44, at 5-6.
[21] *See* Doc. 37, at 6-7; Doc. 44, at 5-6.

review of all the documents produced to the Court throughout the litigation, the Court cannot find a single mention of any other use of the word, and the best evidence it has at its disposal are the words of the Plaintiff that this was a single incident.

The Court does not have to accept blanket, unsupported assertions set forth by the Plaintiff at the summary judgment stage, rather it must believe the *evidence* provided by the nonmovant Plaintiff.[22] The Court considered the statements made regarding further use of the epithet as it reviewed the summary judgment briefing and re-considered them for the present motion. Nothing raised in this motion has persuaded the Court that its original belief that these statements are flatly without support in the record was incorrect. Because Plaintiff has pointed to no evidence that the Court failed to consider, it is not "left with the definite and firm conviction that a mistake has been committed" on this front.[23]

The second piece of evidence that is alleged to have been overlooked are statements by Judge Gardner that the sole ground for termination was "Ms. Charles' alleged use of the word 'bitch.'"[24] Again, this is the case of an assertion being made that has no evidentiary support in any documents submitted to the Court.[25] Rather,

---

[22] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).
[23] *Drumgo v. Reese*, No. 3:20-CV-02434, 2022 WL 21758567, at *1 (M.D. Pa. Sept. 23, 2022) (quoting *Prusky v. ReliaStar Life Ins. Co.*, 532 F.3d 252, 258 (3d Cir. 2008)).
[24] Doc. 44, at 9.
[25] Despite it being far from clear, it appears that the citation used after this assertion is pointing to Judge Gardner's deposition. *See* Doc. 44, at 9; Doc. 37, Ex. C (Judge Gardner Dep.). However, nowhere in that deposition does the word "bitch" even appear. *See generally*, Doc.

Judge Gardner's deposition provides support for the Court's finding that the use of the expletive was only a part of the reason for Plaintiff's termination.[26] This is another example of Plaintiff's unsupported assertions made throughout this litigation that do not need to be relied on at the summary judgment stage.

What remains of Plaintiff's motion are points that have been explicitly discussed and disposed of in the summary judgment memorandum opinion. Plaintiff now explicitly states that her co-worker should be used as a comparator for the disparate treatment analysis.[27] But the Court already gathered that Plaintiff was implying this comparison and detailed why she does not qualify for such status.[28] She also re-raises the fact that "the single use of a racial epithet … [can be] severe enough to establish a hostile work environment."[29] But in its opinion, the Court acknowledged that this can be true and explained why the circumstances of this case were still not severe enough to allow for the hostile work environment to survive summary judgment.[30]

---

    37, Ex. C. Rather, it seems that Plaintiff meant to say that the word "bullshit" was used. That expletive does appear in the deposition, and I will proceed in this analysis assuming that Plaintiff's intention was to say that the single use of the word "bullshit" was the sole ground for termination. This is supported by Plaintiff's statements in her brief in opposition to the motion to dismiss, where she said that she was "subject to termination because of an unsupported allegation that she used of a single curse word ('bullshit')." Doc. 37, at 11.

[26] *See* Doc. 37, Ex. C 125:13-22 ("It was the culmination of not only the e-mails that I received, but then in addition to her indicating that it was unfair to her to have to come into work on what she described as her day off when, in fact, it was not a day off.").

[27] Doc. 44, at 8-9.

[28] *See* Doc. 40, at 13-14.

[29] Doc. 44, at 7.

[30] *See* Doc. 44, at 9-10.

Reconsideration motions are "not to be used as a means to reargue matters already argued and disposed." [31] That is just what Plaintiff attempts to accomplish with the present motion.

Plaintiff is correct in noting that at the summary judgment stage, "the Court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial."[32] The Court did not undertake such a forbidden practice. Rather, the Court believed the *evidence* provided by the nonmovant Plaintiff—as it must.[33] It simply deemed such evidence to be insufficient to raise any material facts relevant to Plaintiff's ability to prove her case.

Nothing raised in Plaintiff's motion for reconsideration leaves "with the definite and firm conviction that a mistake has been committed."[34] Further, the Court can find no clear error of law or fact and does not believe there has been any manifest injustice that has occurred. Therefore, the Court must deny Plaintiff's motion for reconsideration.

---

[31] *Knopick v. Downey*, 963 F.Supp.2d 378, 3878 (M.D. Pa. 2013).
[32] *Wesley v. Hollis*, No. CIV.A. 03-3130, 2007 WL 1655483, at *4 (E.D. Pa. June 6, 2007) (quoting *Brooks v. Kyler,* 204 F.3d 102, 105 n.5 (3d Cir.2000)) (internal quotation marks omitted).
[33] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). This is not the motion to dismiss stage where I must accept allegations made by the parties. *See Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). The summary judgment standard demands more; it demands evidence. That is what ultimately dooms Plaintiff's motion for reconsideration—it simply lacks evidentiary support.
[34] *Drumgo v. Reese*, No. 3:20-CV-02434, 2022 WL 21758567, at *1 (M.D. Pa. Sept. 23, 2022) (quoting *Prusky v. ReliaStar Life Ins. Co.*, 532 F.3d 252, 258 (3d Cir. 2008)).

## III. CONCLUSION

Motions for reconsideration are not intended "to provide litigants with a second bite at the apple,"[35] by asking the Court "to rethink a decision it, rightly or wrongly, already made."[36] Simply put, "mere disagreement with the outcome of the District Court's opinion is not the proper basis for a motion for reconsideration."[37] That appears to be the exact reason Plaintiff filed this motion. For this and the foregoing reasons, Plaintiff's motion for reconsideration is denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[35] *Cole's Wexford Hotel, Inc. v. UPMC & Highmark Inc.*, No. CV 10-1609, 2017 WL 432947, at *2 (W.D. Pa. Feb. 1, 2017) (quoting *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)) (internal quotation marks omitted).
[36] *Id.* (citing *Williams v. City of Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998)).
[37] *Knight v. Kaminski*, 331 F. App'x 901, 905 (3d Cir. 2009).